**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

NOV 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U S DISTRICT COURT

DUANE R. OLSON,                             )
                                            )
            Plaintiff,[1]                    )
                                            )
    v.                                      )        Civil Action No. 08 1997
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
            Defendant.                      )

## MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus and application to proceed *in forma pauperis*.

Plaintiff purports to bring this civil rights action against the United States of America "for the **IL**-legal and **UN**-constitutional arrest, prosecution, adjudication, and punishment of 324 . . . months in federal prison . . . imposed, under color of **FRAUD**." Compl. at 1 (bold type and capital letters in original). Generally, plaintiff alleges that the sentencing court lacked jurisdiction over the criminal case against him for violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, see 21 U.S.C. § 801 et seq., rendering his conviction, sentence, and subsequent incarceration invalid. He demands damages exceeding $50 million.

A claim of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. See Ojo v. Immigration & Naturalization Serv.,106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear the defendant's complaint regarding

---

[1]     Because George A. Morris neither has paid the filing fee nor has submitted an application to proceed *in forma pauperis*, this action proceeds with Mr. Olson as the sole plaintiff.

errors that occurred before or during sentencing).  Challenges to the jurisdiction of the federal

court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction can

both be raised in a motion under Section 2255.  See Taylor v. United States Board of Parole, 194

F.2d 882, 883 (D.C. Cir. 1952).  Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose
> such sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255 (emphasis added).  Moreover, the ability to challenge a conviction by a motion

to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to [28 U.S.C.
> § 2255], shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced him,
> or that such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of
> his detention.

28 U.S.C. § 2255  (emphasis added).

    The Court therefore will dismiss the petition without prejudice.  An Order consistent with

this Memorandum Opinion is issued separately on this same date.

_____
United States District Judge

Date:  6/31/68